IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL DOCKET NO. 2:12-cr-00385 |
| | : | |
| RAFAEL CORDERO | : | HONORABLE PAUL S. DIAMOND |

SUPPLEMENTAL SENTENCING MEMORANDUM

Defendant, Rafael Cordero previously filed a sentencing memorandum but further supplements it by asking the court to consider the following downward variances or departures before imposing its sentence:

1. The Defendant hereby incorporates

2. If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-Guidelines sentence (a "variance sentence"), but should explain its reasons pursuant to 18 U.S.C. § 3553(c)(2).  Hughes, supra.  The sentence must be "within the statutorily prescribed range and … reasonable." Id. at 546-47 (emphasis added).[1]  The "sentencing court may not presume that the Guidelines range is reasonable." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

3. A downward departure is warranted in this case.  Congress has instructed that a sentencing court must "impose a sentence of the kind, and within the range," required by the guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).

4. In determining "whether a potential basis for departure was adequately considered by the [Sentencing] Commission, . . . a sentencing court must focus on whether the factor is taken into account by the guidelines, policy statements, or commentary and whether it is encompassed within the heartland of situations to which the applicable guideline was intended to apply." United States v. Barber, 119 F.3d 276, 280 (4th Cir.), cert. denied, 522 U.S. 988 (1997) (citing Koon v. United States, 518 U.S. 81 (1996)).

5. The Sentencing Commission has "adequately considered circumstances within the heartland of conduct encompassed by the guidelines and did not consider conduct falling outside the heartland." Barber, 119 F.3d at 280.  The "heartland" of a given guideline is "a set of typical cases embodying the conduct that each guideline describes." USSG ch. 1, pt. A, introductory cmt. 4(b).  Accordingly, the crucial inquiry is whether the individual facts that the district

        court is considering are taken into account in the heartland of situations encompassed within the applicable guideline.  Barber, supra.

6. In order to ascertain whether a factor under consideration is an appropriate basis for departure, the Koon Court instructed that after identifying a potential basis for departure a sentencing court should determine whether that factor was forbidden, encouraged, discouraged, or unmentioned by the Commission as a basis for departure.  Barber, supra.  The category of a particular factor is determined by reference to the guidelines, policy statements, and commentary.  Id.  With respect to an encouraged factor, "the court is authorized to depart if the applicable Guideline does not already take it into account."  Koon, 518 U.S. at 96.  If the factor is taken into account by the appropriate guideline, then the court may depart "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present."  Id.  Similarly, a discouraged factor may serve as the basis for departure only if it is present to such an unusual degree that it cannot be said to come within the heartland of the applicable guideline.  See Id.; see also Barber, 119 F.3d at 281.  Finally, a sentencing court may depart on the basis of a factor that is unmentioned by the guidelines as a ground for departure if that factor removes the case from the heartland of cases contemplated by the applicable guideline, but such departures should only occur in "'rare' situations."  Id.; see USSG ch. 1 pt. A introductory cmt. 4(b).

7. Where a departure is determined to be appropriate, the extent thereof need only be reasonable under the circumstances.  United States v. Bellamy, 264 F.3d 448, 454 n.3 (4th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).  As explained by the Supreme Court in Williams v. United States, 503 U.S. 193, 203 (1992), "the reasonableness determination looks to the amount and extent of departure in light of the grounds for departing."  Under Williams, this is necessarily a wide-ranging and flexible inquiry:

8. In assessing reasonableness . . . the Act directs a court of appeals to examine the [statutory] factors to be considered in imposing a sentence under the Guidelines, as well as the district court's stated reasons for the imposition of the particular sentence.  A sentence thus can be 'reasonable' even if some of the reasons given by the district court to justify the departure from the presumptive guideline range are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure.  Id. at 203-04 (citing then current version of section 3742(e)); see also 18 U.S.C.A. § 3742(e), (e)© (West Supp. 2004) (providing that appellate review of whether a sentence "departs to an unreasonable degree" must consider the statutory "factors to be considered in imposing a sentence" as well as the district court's statement of its "reasons for the imposition of the particular sentence").  United States v. Davis, 2004 WL 1828353, at *5 (4th Cir. 2004).

9. As this Court knows, a downward departure for a defendant is generally governed Section 5K of the Guidelines.  While there is no substantial assistance departure available in this case, Defendant relies upon Guidelines Sections 5K2.0 (Other Grounds For Departure) as the basis for his request for a downward departure.

10. Section 5K2.0 provides for downward departures as follows:

Subpart (a)(1)(A) provides for a departure in the case of an offense other than a child crimes offense if there are mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission that should result in a sentence lower than that calculated under the Guidelines.

Subpart (a)(2) provides for a departure based upon circumstances of a kind not adequately taken into consideration by the Sentencing Commission, including both Identified Circumstances and Unidentified Circumstances.

Subpart (a)(3) provides for a departure in exceptional cases based upon circumstances present to a degree not adequately taken into consideration by the Sentencing Commission.

Subpart (a)(4) provides for a departure based upon an offender characteristic, set forth in Section H, or other circumstance which is present to an exceptional degree.

Subpart © provides for a departure based upon a combination of two or more offender characteristics or other circumstances, none of which is independently sufficient to support a departure, if they make the case an exceptional one, are present to a substantial degree, and are identified in the Guidelines as a permissible ground for departure.

As more fully described below, Defendant also relies on the authority of USSG § 5K2.20 in support of a downward departure on the basis of "aberrant behavior."

11. In light of the unique circumstances presented by this case, it is clear that it falls outside the heartland of cases and that a downward departure is warranted for the reasons set forth below.

12. The Court should imposed a downward departure based on aberrant behavior. Aberrant behavior has long been recognized as a ground for departure from Guidelines sentences. USSG § 5K2.20 provides that a downward departure may be warranted for "aberrant behavior." That guideline states:

§ 5K2.20. Aberrant Behavior (Policy Statement)

(a) In General.—Except where a defendant is convicted of an offense involving a minor victim under section 1201, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code, a downward departure may be warranted in an exceptional case if (1) the defendant's criminal conduct meets the requirements of subsection (b); and (2) the departure is not prohibited under subsection ©.

(b) Requirements.—The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.

13. This conviction certainly is aberrant behavior for Mr. Cordero. As stated previously, Mr. Cordero is a decorated police officer who was a law-abding citizen. This will also be demonstrated by numerous witnesses that will be presented on his behalf as well as the multiple character letters that were presented to the court. He was a devoted family man who attended Pentacostal Church several times a week. The Government will not present any evidence other than his conviction to support this view of him.

14. Mr. Cordero meets the criteria set forth in § 5K2.20 and a downward departure under § 5K2.20 is warranted in this "exceptional" case. The Government and the probation office have not asserted an allegation that sophisticated means were involved in the instant case. Likewise, the subject criminal conduct was of a limited duration. Finally, this criminal conduct represents a marked deviation by the defendant from an otherwise law-abiding life. Moreover, as Application Note 3 instructs, the court may consider defendant's (A) mental and emotional conditions;[2] (B) employment record; © record of prior good works; (D) motivation in committing the offense; and (E) efforts to mitigate the effects of the offense. At least four of these factors militate in favor of granting a departure.

15. The aberrance of a criminal act is an encouraged factor for departure.'" United States v. Garcia, 182 F.3d 1165, 1176 (10th Cir.), cert. denied, 528 U.S. 987 (1999); United States v. Jones, 158 F.3d 492, 500 (10th Cir.1998) ("the aberrant nature of a criminal defendant's offense conduct may properly be considered as a mitigating factor in a downward departure decision."). Downward departures based on aberrant behavior have been upheld even in violent and/or serious cases in which probation was not available or seriously considered. Garcia, 182 F.3d at 1168, 1177 (cocaine trafficking, possession with intent to distribute); United States v. Tsosie, 14 F.3d 1438, 1440, 1441-42 (10th Cir.1994) (voluntary manslaughter).

16. As in the foregoing cases, the uniqueness of this case warrants a departure under § 5K2.20. The criteria of § 5K2.20 are met and this case falls far outside the heartland of a typical case of this nature. Therefore, a downward departure is warranted.

17. Furthermore, the Guidelines substantially overstates the seriousness of the crime. The defendant asserts that the Guidelines application substantially overstates the seriousness of the crime in several ways. As this court is aware, Mr. Cordero was convicted of two counts of obstruction of justice pursuant to 18 USC 1505 and 18 USC 1001 (a)(2). As stated previously, when examining the conduct through the evidence presented by the Government, Mr. Cordero made some incredibly bad choices. However, he did not receive and financial benefit or any other type of benefit, from the criminal activity. Mr. Cordero's conduct was totally motivated by a concern for his brother who he believed was working with the federal authorities.

18. Therefore, a departure under Section 5K2.0 Subparts (a)(1)(A), a(2) and/or (a)(3) is warranted here. This is not a typical obstruction of justice and false statements case ; rather, it falls far outside the heartland of cases, and warrants a downward departure.

19.  Additionally, Mr. Cordero's exceptional background also merits a downward departure. While § 5H1.11 of the Sentencing Guidelines state that "civic, charitable, or public service … and similar prior good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range[,]" the Introductory Commentary to Part H of the Guidelines provides that they "may be relevant to this determination in exceptional cases." (emphasis added). As explained by the Supreme Court, a court may still depart "if the [discouraged] factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon, 518 U.S. at 96 (emphasis added). This is clearly such a case.

20.  As the evidence will show, Mr. Cordero has performed volunteer work and was heavily involved in his church prior to his incarceration. Clearly, notwithstanding this case, his public service to the police department was outstanding. He was an exemplary member of his community and a devoted family man and this factor also supports a downward departure.

21.  Under prevailing law, Mr. Cordero is entitled to credit for "any time he spent in official detention prior to the date the sentence commences... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b),. Since his incarceration, Mr. Cordero has spent his entire time in the SHU because of his former role as a police officer. He has been subject to 24 hour a day lock down and limited access to his family and legal materials. He was not placed in this isolation because of his conduct but for safety reasons. This isolation has created additional hardship on his incarcerated that a non-former police officer would not be subject to.

22.  Even if the Court were to decide that a Guidelines departure is inappropriate, the Court may vary from the advisory Guidelines to impose any reasonable sentence based on a consideration of the § 3553 factors. Booker at 757, 767. As stated in the previous memorandum supplied to the court, The §3553 factors having been discussed, a variance should be granted and have shown that a sentence significantly below the clearly overstated guideline is appropriate.

Based on the above and the previous filings, Mr. Cordero through counsel respectfully requests this court to depart downward and grant a downward sentence from the guidelines in this matter.

                                      Respectfully submitted,

Date: June 24, 2014                  /s/ Jack McMahon
                                         Jack McMahon

**CERTIFICATE OF SERVICE**

   I, Jack McMahon, do certify that on this date a copy of the foregoing Supplemental Sentencing Memorandum was served via hand delivery upon the following:

Maureen McCartney, AUSA
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476


Date: June 24, 2014        /s/ Jack McMahnon
                Jack McMahon